**Dennis Newton ERVINE,**
**Plaintiff–Appellant,**

v.

**CLARKE, Dr., Chief Medical Officer;**
**et al., Defendants–Appellees.**

No. 02–17096.

United States Court of Appeals,
Ninth Circuit.

Submitted April 14, 2003.*

Decided April 25, 2003.

Before: RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Dennis N. Ervine appeals pro se the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual findings regarding exhaustion of administrative remedies for clear error and its application of substantive law de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003). We vacate and remand.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before bringing an action in district court, a prisoner is required to exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). Ervine contends that the formal levels of the grievance process were not available to him because prison officials failed to return the form he submitted at the informal level, which he was required to re-submit at each of the next three levels of the process. This contention has merit.

California Department of Corrections ("CDC") regulations provide a four step administrative process for prisoner grievances: (1) informal complaint, (2) first formal appeal with an appeals coordinator, (3) second level review by the institution head, regional parole administrator, or their designee, and (4) third level review with a designated representative of the director under supervision of the chief, inmate appeals. Cal.Code. Reg. tit. 15, § 3084.5. An informal complaint is a prerequisite to further administrative review. *Id.,* § 3084.2(b). To make an informal complaint, a prisoner must submit a CDC form 602 describing the problem and action requested. *Id.,* § 3084.2(a). A prison employee reviews the informal complaint and provides the prison's response on the same form, reporting what action was taken in the space provided and signing and dating the form. *Id.,* § 3084.5(a)(2). To proceed to the first formal level appeal (which is the second step in the grievance process), the prisoner must submit the *same* 602 form, explaining his dissatisfaction with the prison's initial response in the space provided. *See* CDC form 602 (rev 12–87). A first formal level appeal that does not include evidence of an informal complaint or that does not include necessary supporting documents is subject to rejection. Cal. Code. Reg. tit. 15, § 3084.3(c)(4) and (5).

In this case, Ervine submitted numerous informal complaints on 602 forms and received no response. Ervine contends that, because the prison did not return his 602 forms, he could not proceed to the first formal appeal level and defendants have not established otherwise. The district court's finding that defendants proved that Ervine could have proceeded to the second step of the grievance process in spite of the prison's failure to provide a response to his informal complaints is not supported by the record. *See Wyatt,* 315 F.3d at 1120 (defendant has burden to prove the plaintiff-prisoner failed to exhaust available administrative remedies).

Because defendants have not proven that Ervine failed to exhaust available administrative remedies, we vacate the judgment of dismissal and remand for consideration of the merits of Ervine's claims.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**